# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD JACK WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 09-073-RAW-SPS |
| | ) |
| JANE STANDIFIRD, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Donald Jack Webb, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at John Lilley Correctional Center (JLCC) in Boley, Oklahoma, alleges in his § 1983 complaint [Docket #1] that he has colon cancer, and the defendants have been deliberately indifferent to his serious medical needs regarding diagnosis and treatment of the disease. He also has filed a petition for a writ of mandamus or emergency writ of habeas corpus [Docket #22], which the court construed as a motion for preliminary injunction or temporary restraining order [Docket #24].

Plaintiff claims he has been subjected to numerous "delays, omissions, failures and repeated extraneous, unscheduled and unwarranted trips" that have contributed to his condition. He also claims Defendant John Duckworth, the transportation driver/assistant for plaintiff's trips to and from the University of Oklahoma Medical Center for chemotherapy, left him alone and shackled in a DOC van, while Duckworth visited a casino for an extended period of time. Plaintiff maintains he constantly is in a "life and death" situation, because no non-DOC personnel are monitoring the actions of the DOC guards. He contends he is

concerned for his personal safety, and he has been subjected to repeated threats, such as Defendant Chief of Security Young's threat to use plaintiff's dismembered body as bait. Plaintiff asserts that the defendants' actions are especially stressful because of his medical condition, and the DOC's "good ol' boy network" prevents him from being protected from abusive language and threats.

Plaintiff is asking the court to compel the DOC to take appropriate steps to ensure he is treated properly and transported for medical care without threats from the facility officers and the Security Chief. He specifically asks the court to order non-DOC transportation for his treatments. In the alternative, he asks for an "Emergency Medical Habeas Corpus, pursuant to § 2254 or any other applicable statute, for immediate removal from Oklahoma Dept. of Corrections supervision, and placement in a more secure medical environment, or outright release."

As an initial matter, the court cannot grant habeas corpus relief in a § 1983 action. Habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement, when the relief sought includes immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In addition, it is well settled that there is no constitutional right to incarceration in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). The issues in plaintiff's motion for preliminary injunction or temporary restraining order, therefore, are plaintiff's medical transportation and the alleged abusive and threatening treatment of plaintiff by the defendants.

The defendants have filed a response [Docket #28], alleging plaintiff is requesting relief that cannot be granted in a § 1983 action. Plaintiff has not filed a reply. According to

the defendants, plaintiff has been diagnosed with cancer and currently is under the medical care of non-DOC, outside specialists. The defendants assert plaintiff regularly is transported by DOC to doctors' appointments and follow-up visits, and he is receiving appropriate medications, housing, and care for his condition.

"It is well settled that a preliminary injunction is an extraordinary remedy, and that it should not be issued unless the movant's right to relief is 'clear and unequivocal.'" *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (quoting *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001)).

> The district court may grant a preliminary injunction if the party seeking it shows: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest.

*Kansas Health Care Ass'n v. Kansas Dep't of Soc. and Rehabilitative Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citations omitted).

Plaintiff is not complaining in his motion that he has received inadequate medical care. Instead, he is claiming the defendants are deliberately indifferent to his health and safety by allowing DOC employees to transport him to and from his medical appointments. The defendants deny plaintiff's allegations that his medical transportation violates DOC transportation policies. Defendant Duckworth states by affidavit that he never has stopped at a casino while transporting plaintiff, and he never has treated plaintiff in an abusive or disrespectful manner [Docket #28, Exhibit 5].

> The Eighth Amendment requires prison officials to "provide humane conditions of confinement," which includes taking "reasonable measures to guarantee the safety of inmates." *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). An inmate claiming

3

that officials failed to prevent harm first "must show that [he] is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Then [he] must demonstrate that the officials had a "'sufficiently culpable state of mind,'" *id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1993))--that is, their acts or omission arose from "deliberate indifference to inmate health or safety." *Id.* (internal quotation marks and citation omitted). Declining to adopt an objective definition of deliberate indifference, the *Farmer* Court held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *Id.* at 837. "'[D]eliberate indifference' is a stringent standard of fault." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.* at 407.

*Giron v. Corrections Corp. of Am.*, 191 F.3d 1281, 1285-86 (10th Cir. 1999).

The defendants maintain, and the court agrees, that being confined in a transportation van alone does not in and of itself impose an "excessive risk" to an inmate's health or safety. The court further finds the conditions of plaintiff's medical transportation do not pose "a substantial risk of serious harm." Even accepting plaintiff's allegations of being left alone in the van while Defendant Duckworth was in a casino, the court finds plaintiff has failed to demonstrate he was deprived of shelter, food water, sanitation, or medical treatment, or that he suffered an actual injury.

Regarding the alleged threats to plaintiff by the defendants, an officer's verbal harassment or threats do not violate the Eighth Amendment. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001). Furthermore, claims for mental and emotional distress can be brought pursuant to § 1983, § 1997e(e), but "such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999) (quotations omitted).

The defendants allege plaintiff will suffer no irreparable injury by denial of a preliminary injunction. Because plaintiff has asked for monetary compensation or release from prison as a remedy for the alleged constitutional violations, the court finds there is no irreparable harm that would be caused by having his claims addressed during the normal course of litigation.

Regarding whether the threatened injury to plaintiff outweighs the potential damage to the defendants, the defendants assert the requested injunctive relief of non-DOC transportation or housing in a non-DOC facility would injure the DOC, a state agency, and it also would injure the individual defendants whose authority and positions would be compromised by "caving in to plaintiff's unreasonable requests." The defendants further maintain the DOC's operating budget cannot accommodate plaintiff's requests or the requests of other inmates would want similar treatment. Plaintiff has not disputed these allegations.

Finally, the defendants maintain plaintiff's proposed injunction would be severely adverse to the public's interest. Because there is no evidence that plaintiff has suffered an Eighth Amendment violation with respect to his medical transportation, the defendants allege granting an injunction to accommodate plaintiff's requests would create internal problems in the DOC by increasing the costs of incarceration and creating a flood of similar grievances and lawsuits by other inmates. The defendants assert that such a precedent would be against the public's interest in maintaining security and an efficient prison grievance process, and the court agrees.

After careful review the court finds plaintiff has failed to meet any of the four

requirements for issuing a preliminary injunction. In addition, he is not entitled to a temporary restraining order. A TRO is intended to preserve the status quo until the court can rule upon the application for preliminary injunction. Fed. R. Civ. P. 65(b); James Wm. Moore, *Moore's Federal Practice*, § 65.30 (3d ed. 2008). Because the court is adjudicating plaintiff's preliminary injunction request with this order, the court concludes that a temporary restraining order is not necessary.

**ACCORDINGLY,** plaintiff's motion for preliminary injunction or temporary restraining order [Docket #22] is DENIED.

**IT IS SO ORDERED** this 21st day of December 2009.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**